# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

GREAT DIVIDE INSURANCE COMPANY, \*

    Plaintiff, \*

v.      Civil Action No.: RDB-16-3326

WORKFORCE MANAGEMENT
SOLUTIONS, INC., et al., \*

    Defendants. \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Great Divide Insurance Company ("Great Divide" or "plaintiff") has filed this action against defendants Workforce Management Solutions, Inc. ("Workforce") and WMS Solutions, LLC ("WMS") based on Workforce's failure to pay insurance premiums owed under a workers compensation insurance policy ("the Policy") issued by Great Divide. (ECF No. 14 at ¶¶ 9-22.) Plaintiff alleges that Workforce and WMS are related business entities which share owners, operators, and employees, and that both entities have been unjustly enriched by their non-payment of the insurance premiums. (*Id.* at ¶¶ 24-25.)

Defendant WMS has filed a Motion to Dismiss plaintiff's Amended Complaint ("WMS's Motion"), asserting that WMS was not a party to the Policy and, therefore, cannot be liable for Workforce's alleged failure to pay premiums owed. (ECF No. 18.) Workforce has not filed any response to plaintiff's Complaint, and the Clerk of Court entered a default against Workforce on August 22, 2017.[1] (ECF No. 30.)

---

[1] By its default, defendant Workforce has admitted the well-pleaded allegations set forth in plaintiff's

1

This Court conducted an off-the-record telephone conference with the parties on August 9, 2017 to discuss certain arguments set forth in the parties' briefs. No additional hearing is required. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, WMS's Motion to Dismiss (ECF No. 18) is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED as to the breach of contract claim against WMS (Count I), and it is DENIED as to the unjust enrichment claim against WMS (Count II).

## BACKGROUND

On September 5, 2014, plaintiff Great Divide Insurance Company issued a renwal Workers Compensation and Employers Liability Insurance Policy ("the Policy") to defendant Workforce. (ECF No. 14 at 9.) Premiums under the policy were based on the estimated employee wages to be paid by Workforce during the applicable policy period. (*Id.* at ¶ 10.) While Workforce submitted an estimated employee wage amount of $1,562,200, an audit conducted on January 8, 2016 revealed that Workforce's actual employee wages for the applicable period amounted to $10,500,631. (*Id.* at ¶¶ 10, 13.) Based on this disparity, Great Divide determined that Workforce owed additional premiums in the amount of $1,630,632. (*Id.* at ¶ 14.) Workforce challenged the results of the audit, and following a re-audit, Great Divide determined that Workforce owed additional premiums in the amount of $635,161. (*Id.* at ¶¶ 15-16.) After deducting amounts previously paid, commissions, and surcharges, Great Divide demanded payment from Workforce in the amount of $609,560.76. (*Id.* at ¶ 17.) Workforce has refused to make payment on this balance. (*Id.* at ¶ 20.) Plaintiff's

---

Amended Complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir.2001). Following the resolution of plaintiff's claims against defendant WMS, a default judgment will be entered against defendant Workforce. *See Arbor Care Tree Experts, Inc. v. Arbor Care Tree Experts & Outdoor Servs.*, ELH-10-1008, 2011 WL 219636, at *2 (D. Md. Jan. 21, 2011) (explaining that entry of a default judgment in multi-party cases should await resolution of all claims where liability is "closely related").

Amended Complaint alleges that both Workforce—the insured—and WMS—a "related compan[y], which share[s] owners, operators and/or employees [with Workforce]"—have derived an unjust benefit from the services provided by Great Divide. (*Id.* at ¶ 25.)

**STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637

F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017). While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## DISCUSSION

### I. Breach of Contract

Defendant WMS Solutions, LLC has moved to dismiss plaintiff's breach of contract claim, asserting that because WMS is not a party to the Policy, Great Divide fails to state a plausible claim against it. (ECF No. 18.) Great Divide argues in opposition that WMS and contract signatory Workforce are related entities and that "[e]ven if the Great Divide Amended Complaint pleads the claim inartfully, it plainly alleges a relationship in fact between WMS and Workforce such that WMS benefitted from the workers compensation insurance provided by Great Divide." (ECF No. 21 at 1.) Great Divide asserts that it should be allowed to undertake discovery "to ascertain the nature of this relationship and whether these two entities—sharing a common address, working on common projects for common customers, and…common employees" are so related so as to give rise to liability on the part of non-signatory WMS. (*Id.* at 2.)

"To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that

4

obligation." *Taylor v. NationsBank N.A.*, 365 Md. 166, 175 (2001). "Normally a person cannot be held liable under a contract to which he was not a party." *Snider Bros. v. Heft*, 271 Md. 409, 414, 317 A.2d 848, 851 (1974). *See Kurland v. ACE Am. Ins. Co.*, JKB-15-2668, 2017 WL 354254, at *2 (D. Md. Jan. 23, 2017). Here, the Amended Complaint alleges that Workforce, not WMS, was a party to the insurance contract giving rise to Great Divide's claims. Although non-contracting parties may become bound by a contract, Great Divide has not alleged such an acceptance in this case, and does not argue that WMS should be so bound. (ECF No. 21 at 4-5.) Accordingly, Great Divide's breach of contract claim against WMS (Count I) must be dismissed.

**II. Unjust Enrichment**

Under Maryland law, "[u]njust enrichment consists of three elements:

1. A benefit conferred upon the defendant by the plaintiff;
2. An appreciation or knowledge by the defendant of the benefit; and
3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value."

*Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295, 936 A.2d 343, 351 (2007) (quoting *County Comm'rs v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 95 n. 7, 747 A.2d 600, 607 n. 7 (2000)).

In support of its Motion to Dismiss, WMS asserts that "an allegation of fraud or bad faith in the formation of the contract" is required to state a plausible claim for unjust enrichment. (ECF No. 24 at 4) (citing *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 608 (D. Md. 2015)). This argument is inapposite, however, as Great Divide

5

does not allege that it had any contract with WMS.[2] Thus, the question before this Court is not whether Great Divide has alleged that WMS acted fraudulently or with bad faith in the formation of the contract, but, rather, whether WMS knowingly received the benefit of the insurance coverage provided by Great Divide "under such circumstances as to make it inequitable for [WMS] to retain the benefit without the payment of its value." *Hill*, 402 Md. at 295, 936 A.2d at 351. In light of their shared business address[3], their similar corporate names[4], and Great Divide's allegation that the entities are "related companies, which share owners, operators and/or employees,"—all of which appear on the face of the Amended Complaint—plaintiff has plausibly alleged that WMS knowingly received the benefit of the insurance coverage under inequitable circumstances. Accordingly, WMS's Motion to Dismiss the unjust enrichment claim against it (Count II) is DENIED.

## CONCLUSION

For the reasons stated above, WMS's Motion to Dismiss (ECF No. 18) is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED as to plaintiff's breach of contract claim against WMS (Count I), and it is DENIED as to plaintiff's unjust enrichment claim against WMS (Count II).

A separate Order follows.

Dated: August 30, 2017 \_\_\_\_\_/S/_____
Richard D. Bennett
United States District Judge

---

[2] Indeed, plaintiff's Breach of Contract claim against WMS must be dismissed, as set forth in Part I, *supra*.

[3] The Amended Complaint alleges that the principal place of business of both entities is 1301 Warner Street, Baltimore Maryland, 21230. (ECF No. 14 at ¶¶ 2-3.)

[4] This Court notes the similarity of the corporate names "**W**orkforce **M**anagement **S**olutions, Inc." and "**WMS** Solutions, LLC." (ECF No. 14 at 2) (emphasis added.)